FILED
2006 Oct-25 AM 10:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

SHEILA ACKLES, SHARON ADAIR, )
VICTORIA L. ALLEN, DEBORAH )
ANDERSON, BETTYANGEL, TYJAY )
ARNOLD, TONYA AVERITTE, LINDA )
F. BILLINGSLEY, MARY L. BOWDEN, )
LAKEYIA BRITT, BRENDA F. BROWN, )
TAMEKA BUSH, YOLANDA BYNUM, )
BEVERLY D. CONLEY, LINDA D. )
CROOK, MARVIN CROWE, EDNA D. )
CULLINGAN, MELVIN L. DATES, )
MAGIC DUKES, KIMBERLY H. )
FINLEY, JOSEPH GANATO, )
ANNETTE GARRETT, BRIDGET )
GILVERT, NORMA J. GALTHAM, )
FRED GOODWIN, SARAH GOODWIN, )
CEDRIC P. HEFLIN, JAMES )
JAIRRELS, WILLIE JEMINSON, )
DAMON RODNEY MCCORMICK, )
CHRISTOPHER MCLLAIN, )
BONDERIA MEANS, ESTELLE )
MORRIS, FLORA A. PRUITT, )
MARSHA ROBERTS, EVELYN A. )
RUSSELL, SHARIKE RUSSELL, LINDA )
SMITH, SHERRI STEPHENS, )
CHRISTOPHER SUMMERLIN, BYRON )
W. TARWATER, SHERRY A. )
THACKER, LOLA MAE )
UNDERWOOD, BARBARA WILSON, )
JANICE WILSON, CORNELIUS )
ALLEN, KENDRICK BALL, DENZEL )
F. ERVIN, ROY L. HUNTER, JAMES )
JORDAN, NIKIA L. MASSEY, ROBERT )
EUDEAN MCCORMICK, MELVIN M. )
MOORE, DOROTHY NUNN, MANDY )
M. PEPPERS, THOMAS W. PRICE, )
FELISHA E. RAY, FLOURISENIA R. )
SWINK, and ROCHELLE L. )
WASHINGTON )
                                    )
       Plaintiffs,             )
                                    )
vs.                                )   Case No.: 06-CV-_____
                                    )

| | |
|---|---|
| **TYSON FOODS, INC., a Delaware Corporation doing business in Alabama,** | ) ) ) |
| **Defendant.** | ) ) |

## COMPLAINT

Plaintiffs, individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their counsel, for their Complaint against Defendant Tyson Foods, Inc., Tyson Chicken, Inc., (collectively "Tyson" or "Defendant"), seek to recover for Tyson's violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.*, and hereby state and allege as follows:

## INTRODUCTION

1.  This is a representative action brought pursuant to FLSA § 216(b) by Plaintiffs on behalf of themselves and all other similarly situated current and former production employees of Tyson at its Heflin facility, located in Cleburne County, Alabama, for purposes of obtaining relief under the FLSA for unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.  Tyson operates a chicken processing plant in Heflin, Alabama ("Heflin facility"). The complained of unlawful compensation system at issue in this Complaint has affected Defendant's present and former hourly production employees at this location.

3. In *IBP, Inc. v. Alvarez,* 126 S. Ct. 514 (2005), the United States Supreme Court unanimously affirmed a ruling that IBP's wage and hour policies – those at issue in this case – violated the Fair Labor Standards Act of 1938 ("FLSA").

4. Tyson uniformly denies hourly wages and overtime premium pay to its employees, by requiring them to perform "off the clock" work. Tyson's deliberate failure to pay employees earned wages and overtime compensation violates federal law as set out in the Fair Labor Standards Act.

5. Plaintiffs performed multiple tasks, but were all victims to the same illegal policy and practice of failing to pay workers for all time worked, including unpaid, but compensable break periods, unpaid hourly wage times and unpaid overtime premium wage times.

## JURISDICTION AND VENUE

6. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Tyson does business in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

8. Defendant, Tyson Foods, Inc., and Tyson Chicken, Inc., is a Delaware corporation with its principal place of business in Arkansas.

9. Plaintiffs are current and former Tyson employees who work(ed) at the Tyson Heflin facility within the last three years, dating back to October 19, 2003, and can

be generally categorized herein as "First Processing" and "Second Processing" employees.

10. First Processing generally includes those employees who worked in an area of the plant where the product (chickens) were introduced into the plant and placed or hung on "the line" for killing, cleaning, disemboweling, and chilling.

11. Second Processing generally includes those employees who worked in an area of the plant where after the product has completed First Processing, it is further processed, prepared, cut-up, marinated, deboned, weighed, sized, packed, loaded on trucks, etc. for delivery to plant customers.

12. Plaintiffs listed herein who primarily worked in First Processing include: Shelia Ackles, Sharon Adair, Victoria L. Allen, Deborah Anderson, Betty Angel, Tyjay Arnold, Tonya Averitte, Linda F. Billingsley, Mary L. Bowden, Lakeyia Britt, Brenda F. Brown, Tameka Bush, Yolanda Bynum, Beverly D. Conley, Linda D. Crook, Marvin Crowe, Edna D. Cullingan, Melvin L. Dates, Magic Dukes, Kimberly H. Finley, Joseph Ganato, Annette Garrett, Bridget Gilbert, Norma J. Glatham, Fred Goodwin, Sarah Goodwin, Cedric P. Heflin, James Jairrels, Willie Jemison, Damon Keel, Shelly Kirby, Jr., Devodrick Marbury, John Martin, Quincy Massey, Rodney McCormick, Christopher McLain, Bonderia Means, Estelle Morris, Flora A. Pruitt, Marsha Roberts, Evelyn A. Russell, Sharike Russell, Linda Smith, Sherri Stephens, Christopher Summerlin, Byron W. Tarwater, Sherry A. Thacker, Lola Mae Underwood, Barbara Wilson, Janice Wilson.

13. Plaintiffs listed herein who primarily worked in Second Processing include: Cornelius Allen, Kendrick Ball, Denzel F. Ervin, Roy L. Hunter, James Jordan, Nikia L. Massey, Robert Eudean McCormick, Melvin M. Moore, Dorothy Nunn, Mandy

M. Peppers, Thomas W. Price, Felisha E. Ray, Flourisenia R. Swink, Rochelle L. Washington.

14. Plaintiffs are residents and domiciled in the State of Alabama. Plaintiffs have concurrently filed their Consents to Become Party Plaintiffs pursuant to 29 U.S.C. § 216(b). See Exhibit A.

## GENERAL ALLEGATIONS

15. As an integral and indispensable part of Plaintiffs' jobs, Plaintiffs were required to pass through security when entering and leaving the facility. Plaintiffs' were required to have their employment status verified and their arrival and departures documented as well as submit to searches of the person and personal possessions. Plaintiffs aver they were not compensated for the time it takes security to clear them and allow them into the facility and the compensable time afterwards prior to the commencement of production work.

16. Plaintiffs would go to a designated area to receive required clothing and/or personal protective equipment (PPE) that were required for the work to be performed. The employees were required to don certain equipment before moving into the production areas. The employees were required to perform washing activities associated with preparing for work in the production area. Depending on whether the employee worked in First Processing or Second Processing, the employee may have been required to acquire special tools for the work to be performed. During the course of this process, the employee then had to walk a significant distance to arrive at the respective workstations on the line.

17. When Plaintiffs left the line for unpaid breaks or at the end of their shift, they again had to walk a considerable distance to their respective doffing area where they

5

removed their personal protective equipment, washed or sanitized themselves, their personal protective equipment, sanitary clothing, and/or equipment or tools and returned various clothes, personal protective equipment, equipment or tools to the proper areas.

18. Defendant Tyson owns and operates poultry facilities in Heflin, Alabama. The unlawful compensation system at issue in the Complaint has affected Defendant's former and present hourly production employees at this location.

19. Under Tyson's wage compensation system, Tyson paid Plaintiffs and others similarly situated employees only regularly scheduled time that they were on the production assembly line or in production areas under a system known as master time, master key, line time or gang time, collectively referred to herein as "master time". Conversely, as a matter of policy and practice, Tyson did not pay its hourly employees for required pre-production line and post-production line activities that were necessary and integral to their overall employment responsibilities, such as the time it took to clear security, don and doff protective and sanitary equipment, clean and sanitize that equipment as well as themselves, wait time associated with cleaning and sanitizing equipment before performing the last principal activity of the day, walking to and from security and the production line from their locker or dressing area after already performing compensable activities, and waiting in line to return required supplies, tools and other equipment needed for line activities. In addition, Tyson does not pay its employees for time spent waiting at the line, prior to the line start up. Plaintiffs were required to report to duty before the start of the master time clock and were required to continue work after the master time clock has stopped.

20. During the course of the day, Plaintiffs were provided unpaid breaks requiring them to walk considerable distances where they removed sanitary clothing and

6

personal protection equipment for their break. The remaining time allowed for the break was further shortened by the requirement for the employee to wash and sanitize, don his or her sanitary clothing and personal protection equipment and return to the workstation. Plaintiffs assert these unpaid breaks are compensable. Alternatively if the total unpaid break is not deemed compensable Plaintiffs allege they are owed compensation for the walk time prior to and after unpaid breaks, the time spent donning and doffing clothing and equipment pre and post break respectively, and the time spent washing and/or waiting to wash themselves and their equipment.

21.    Defendant deducts from Plaintiffs daily time worked, without regard for the actual time spent on break, two (2) uncompensated breaks of fixed duration.

22.    The time for which Plaintiffs and other similarly situated employees were paid is significantly less than the time they spend at work between the time they begin their integral, essential and indispensable work duties and the time they arrive at their workstations on the line. The work time for which Plaintiffs were not paid include, but are not limited to:  (1) changing into the protective required work uniforms, sanitary clothing and protective safety equipment that can include, among other things (depending on the task and whether First or Second Processing):  ear plugs, smocks, work pants and shirts; safety jump suits; safety boots; hair nets; face nets; hard hats; aprons; belts with holsters and knifes; and hand and arm protections; and (2) walking to and from security, changing areas, work areas and break areas; washing activities; and (3) breaks that are effectively compensable .

23.    The walking time for which Plaintiffs were not paid occured after the beginning of the employee's first principal activity and before the end of the employee's last principal activity.

7

24. The required protective work uniforms, sanitary clothing and protective safety equipment that Plaintiffs must wear, and for which they were not paid for donning and doffing times, is required by Tyson and/or by government regulation. Plaintiffs' jobs are dangerous and involve serious health and safety risks. The circumstances of Plaintiffs' jobs, including vital considerations of health and hygiene, required them to wear the protective work uniforms, sanitary clothing and protective safety equipment. These donning, doffing, washing activities, compensable unpaid breaks and walking duties all add up to a significant amount of time every day for which Plaintiffs and others similarly situated were not paid.

25. In addition to depriving Plaintiffs and others similarly situated of hourly wages for compensable time pursuant to the FLSA, Defendant Tyson's failed to accurately account for and report all compensable time worked by the Plaintiffs and others similarly situated, and has deprived Plaintiffs and others similarly situated of what would otherwise be overtime pay, pursuant to the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiffs bring Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). In addition to the claims of individually named Plaintiffs, Plaintiffs bring this action as representatives of all similarly situated former employees of the Heflin facility. The potential class of "opt-in" employees can be defined as:

> All current and former hourly employees of Defendants who worked at the Heflin facility since October 19, 2003, and who were not paid for all the time spent performing compensable work-related tasks or legally compensable time, including, but not limited to authorized unpaid break times, donning and doffing times, washing activity times, time associated with passing through security check points and walking to changing areas and time walking to security and passing through security at the end of the day and walking times to and from break areas or donning and doffing areas, and including time compensable at regular hourly wages, as well as overtime pay for these employees.

8

27. The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

28. Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation.

29. The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

30. On information and belief, the Heflin facility employed over 200 hourly wage employees who potentially have FLSA claims similar to the claims set out herein. Consequently, joinder of all collective action members in a single action is impracticable.

31. Potential collective action members may be informed of the pendency of this class action through direct mail.

32. There are questions of fact and law common to the class that predominates over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

   a) Whether Plaintiffs were compensated for time spent clearing security and time spent walking from security to their changing areas and from changing areas to security;

   b) Whether the security activities at issue are integral or indispensable to Defendant's business activities;

   c) Whether Plaintiffs were compensated for time spent donning and doffing clothing and protective gear, washing, and walking to and from their job posts;

    d) Whether the donning, doffing and washing activities at issue are integral or indispensable to Defendant's business activities;

    e) Whether Plaintiffs were entitled to compensation for time spent donning and doffing, washing activity time, and walking time to and from "the line";

    f) Whether Plaintiffs' donning, doffing, washing activity, and walking time is integral and indispensable to their principal activities;

    g) Whether Defendant failed to pay employees for unpaid breaks that were effectively compensable.

    h) Whether Defendant's compensation policy and practice accurately accounts for the time Plaintiffs are actually working;

    i) Whether Defendant's compensation policy and practice is illegal;

    j) Whether Defendant had a policy and practice of willfully failing to record and compensate employees for all time worked; and

    k) Whether Defendant failed to accurately record all compensable time, resulting in a failure to compensate Plaintiffs and other similarly situated employees of regular hourly wages and overtime pay, in violation of Defendant's policies and procedures and the mandate of the FLSA.

33. The questions set forth above predominate over any questions affecting only individual persons, and a collective/class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

34. The Collective Action Representatives' claims are typical of those of the similarly situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representatives and were subject to the same or similar unlawful practices as the Collective Action Representatives.

35. A collective action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds

generally applicable to the similarly situated current and former employees. The presentation of separate actions by individual similarly situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Collective Action members to protect their interests.

36. The Collective Action Representatives are adequate representatives of the similarly situated current and former employees because they are employees of the same processing plant and their interests do not conflict with the interests of the other similarly situated current and former employees they seek to represent. The Collective Action Representatives and their undersigned counsel, who have extensive experience prosecuting complex class action lawsuits, will fairly and adequately protect the interests of the members of the class of employees.

37. Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single collective action can determine, with judicial economy, the rights of all collective action members.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

**(Brought Against Defendant by All Individually-Named Plaintiffs and on Behalf of All Others Similarly Situated)**

38. Plaintiffs reassert and incorporate by reference paragraphs 1 through 37 as set forth above as if fully restated herein.

11

39. At all time material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

40. The individually named Plaintiffs and all similarly situated employees are victims of a uniform and facility-wide compensation policy and practice, in violation of the FLSA.

41. Tyson violated the FLSA by failing to account for all compensable time of its employees that resulted in a failure to pay Plaintiffs and others similarly situated for compensable hourly wages and overtime premium pay.

42. Tyson violated the FLSA by failing to pay for time donning and doffing essential required equipment, integral to the principle work activity.

43. Tyson failed to account for and pay for time walking to and from the line to break areas and/or donning and doffing areas.

44. Tyson failed to account for and pay for time spent clearing security and for time walking to and from security to donning and doffing areas.

45. Tyson failed to account for and pay for time allocated as unpaid breaks. In the alternative, Tyson failed to pay for walk time to and from unpaid meal break areas, time spent donning and doffing on unpaid meal breaks, and washing activities associated with meal breaks.

46. In perpetrating these unlawful practices, Tyson has also willfully failed to keep accurate records for all of the time worked by its hourly employees.

47. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

48. Tyson was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

49. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to the Plaintiffs. Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA.

50. Tyson's failure to accurately record compensable work time was willfully perpetrated. Tyson has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid hourly wages and overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find Tyson did not act willfully in failing to pay all hourly wages and overtime premium pay wages, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

51. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Tyson from Plaintiffs for which Tyson is liable pursuant to 29 U.S.C. § 216(b).

52. Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Tyson acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

53. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiffs the following relief:

a) At the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former Tyson hourly employees (working at the Tyson, Heflin location in the last three years) of this action and their rights to participate in this action. Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they worked "off the clock" for times not paid, including time that may be paid at overtime rates.

b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendant Tyson's actions, as described in the Complaint, are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

c) Issue an Order directing and requiring Defendant Tyson to pay Plaintiffs and all other similarly situated employees damages in the form of reimbursement for unpaid hourly and premium overtime wages (past and future) for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

d) Issue an Order directing and requiring Defendant Tyson to pay Plaintiffs and all other similarly situated employees liquidated damages pursuant to

the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

e) Issue and Order directing Defendant Tyson to reimburse Plaintiffs and other similarly situated employees for the costs and attorneys fees expended in the course of litigating this action, pre-judgment and post-judgment interest;

f) Provide Plaintiffs with such other and further relief, as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

All Plaintiffs hereby request trial by jury of all issues liable by jury under Alabama and federal law.

Respectfully submitted this the 19th day of October 2006.

COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.

JOSEPH D. LANE (LAN049)
LANCE H. SWANNER (SWA013)
SAMUEL A. CHERRY, JR., (CHE008)
Attorney for Plaintiffs
163 West Main Street
P.O. Box 927
Dothan, AL 36302
(334) 793-1555
(334) 793-8280 (fax)

Defendant may be served at:
The Corporation Company
o/b/o Tyson Foods, Inc., Heflin Plant
2000 Interstate Park Drive Ste 204
Montgomery, AL  36109

15